IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PLEZ JOHNSON, JR.,
    Plaintiff,

vs.                                                Case No.: 3:04cv397/MCR/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

       This cause is before the court upon a "Petition for Authorization of Attorney Fees" and supporting documentation filed by Plaintiff's counsel (hereafter "Petitioner") (Doc. 26), and Defendant's response thereto (Doc. 30). Pursuant to 42 U.S.C. § 406(b), Petitioner seeks attorney's fees for services provided to Plaintiff in connection with his claim for Disability Insurance Benefits (DIB) (*see* Docs. 1, 26).

I.    BACKGROUND[1]

       Petitioner was appointed by Plaintiff to represent him in connection with his claim for DIB. Plaintiff signed a fee agreement with Petitioner in which he agreed to payment of attorney's fees equaling 25% of any accumulated past due benefits paid to him in the event of the successful prosecution of his claim. Plaintiff's claim was denied initially, upon reconsideration, and later at the hearing level on January 24, 2003 by an Administrative Law Judge (referred to hereafter as the "first claim"). Plaintiff's request for review was denied, and Plaintiff sought review in this court by filing a complaint on November 16, 2004.

       On February 8, 2005, the Commissioner filed a motion to remand for additional proceedings, pursuant to sentence six of 42 U.S.C. § 405(g). The Commissioner's motion was granted on March 21, 2005.[2]

---

[1] The facts in this section are derived from Plaintiff's petition for fees (*see* Doc. 26), as well at the court record.

[2] Although not directly relevant to Petitioner's instant claim for fees, Petitioner has advised the court that, in the interim, Plaintiff filed a second claim for DIB, which was also denied at the initial and reconsideration levels. Upon holding an administrative hearing on the merits of the second claim, an ALJ rendered a decision fully favorable to

On May 25, 2005, the Commissioner filed a motion to reopen the court case concerning the Plaintiff's first claim (Doc. 10). This motion was granted by Order of the Court dated May 26, 2005 (Doc. 11).

Petitioner, on Plaintiff's behalf, then filed in this court a Memorandum in Support of Plaintiff's Complaint on July 21, 2005 (Doc. 15). Petitioner raised as an issue that the Commissioner erred in failing to find the Plaintiff disabled based upon meeting the requirements for presumptive disability at ¶12.05C of the Listings. In an order dated March 23, 2006, after considering a Report and Recommendation issued by the undersigned, the decision of the Commissioner was reversed and the claim was remanded for further administrative proceedings (Docs. 19, 20). Petitioner filed an Application for Attorney Fees Under the Equal Access to Justice Act (EAJA) on June 20, 2006, in which it was requested that Plaintiff be reimbursed for attorney fees pursuant to the EAJA in the sum of $1,887.50 (Doc. 22). By order dated August 3, 2006, the Commissioner was ordered to pay Petitioner the amount of $1,887.50 in EAJA fees (Doc. 25). Petitioner has advised that the Commissioner complied with the court's order by paying this amount to him on or about August 28, 2006, and that these funds have been held in the trust account of Petitioner's law firm and will be distributed to Plaintiff, pursuant to 42 U.S.C. §406(b), upon resolution of the instant matter (Doc. 26 at 9).

On April 28, 2007, the Appeals Council issued a Fully Favorable Decision concerning Plaintiff's first claim, in which Plaintiff was found to have been disabled since December 17, 1998 (Doc. 26 at 4).

Petitioner received a copy of Plaintiff's Notice of Award dated August 20, 2007. The Notice of Award does not actually state the amount of the Plaintiff's additional past-due benefits, but it indicates that the amount of $6,811.13 has been withheld in anticipation of direct payment of an authorized attorney's fee (*see* Doc. 26, Ex. F).[3] The letter also states that the amount of $6,811.13

---

Plaintiff on June 24, 2005 and found him to be disabled commencing March 1, 2003 (Doc. 26 at 2–3). Petitioner received a Notice of Award dated July 19, 2005 (*see* Doc. 26, Ex. A), in which it is stated that Plaintiff's past-due benefits are $14,741.00 for August 2003 through June 2005. The notice also states that the amount of $3,685.25, representing 25% of Plaintiff's past-due benefits, was withheld for direct payment of administrative attorney fees. Petitioner received payment of these attorney fees on July 25, 2005 (Doc. 26 at 3). Additionally, with regard to Plaintiff's second claim, Petitioner also received three Notices of Award, all dated November 14, 2005, regarding attorney fees withheld from auxiliary benefits awarded to Plaintiff's children, as follows: (a) the amount of $196.25 was withheld from the auxiliary benefits of Plezariea D. Johnson, (b) the amount of $196.25 was withheld from the auxiliary benefits of Shameka S. Rabb, and (c) the amount of $196.25 was withheld from the auxiliary benefits of Jervomie J. Rabb (*id.*, Exs. B–D). Thus, the total amount withheld from the auxiliary benefits of Plaintiff's children for payment of auxiliary attorney fees was $588.75 ($196.25 + 196.25 + 196.25), and Petitioner received payment of these attorney fees on November 17, 2005 (Doc. 26 at 3).

[3]Defendant is awaiting an order from the Court before disbursing these withheld funds.

Case No.: 3:04cv397/MCR/EMT

represents 25% of Plaintiff's past-due benefits.  Therefore, the additional past-due benefits must have amounted to $27,244.52. ($27,244.52 x 25% = $6,811.13).  Petitioner also received a copy of three more Notices of Award, all also dated August 20, 2007, regarding attorney fees withheld from auxiliary benefits awarded to Plaintiff's children, as follows: (a) the amount of $939.50 was withheld from the auxiliary benefits of Plezariea D. Johnson, (b) the amount of $939.50 was withheld from the auxiliary benefits of Shameka S. Rabb, and (c) the amount of $910.25 was withheld from the auxiliary benefits of Jervomie J. Rabb (Doc. 26, Exs. G–I).  Thus, the total amount withheld from the auxiliary benefits of Plaintiff's children for payment of auxiliary attorney fees was $2,789.25 ($939.50 + 939.50 + 910.25).[4]

Petitioner spent a total of 15.10 hours in federal court representing Plaintiff in connection with his first claim for DIB (*see* Doc. 26, Ex. E).

II.     ANALYSIS

In the instant motion, Petitioner has requested a fee in the total amount of $9,600.38 for 15.10 hours of work spent representing Plaintiff in federal court (Doc. 26, ¶¶ 12, 15 ), while acknowledging that he has previously received an EAJA award of $1,887.50 (*id.*, ¶ 22).  The amount requested by Petitioner is derived from the award notice received by Petitioner indicating that $6,811.13 is being withheld from Plaintiff's award by the Commissioner's Office of Central Operations, in anticipation of direct payment of an authorized attorney's fee, as well as attorney fees in the amount of $2,789.25 withheld from auxiliary benefits awarded to the Plaintiff's children.

The instant request by Petitioner is made pursuant to 42 U.S.C. § 406(b),[5] and does not exceed the maximum recovery permitted under the terms of that statute.  In support of Petitioner's argument that the amount requested is reasonable, Petitioner notes that he spent 15.10 hours litigating Plaintiff's case in this court, that he obtained a favorable result for Plaintiff (i.e., an award totaling $27,244.52), that he is well experienced in this area of the law, which increased the likelihood of obtaining a favorable outcome for Plaintiff with a minimum expenditure of attorney time, and that he has a lengthy attorney-client relationship with Plaintiff (*see* Doc. 26).  Further, Petitioner states that the fee is reasonable because Plaintiff agreed to pay a fee of 25% of his past-due benefits and the amount requested is consistent with the agreement (*id.*).  Moreover, Petitioner

---

[4]Defendant is also awaiting an order from the Court before disbursing these withheld funds.

[5]Section 406(b) provides, in pertinent part, that
Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

avers that "being without a job and unable to work during the time at issue, the Plaintiff was unable to afford to hire an attorney to represent him on an hourly basis. The contingent fee arrangement provided the Plaintiff with access to the legal system to seek judicial review of the Commissioner's decision denying him benefits." (Doc. 26 at 8). Defendant notes that an award of $9,600.38 would be equivalent to a de facto hourly rate of $635.79 ($9,600.38/15.10 hours), and states that such an amount is unreasonable because it represents a windfall to Petitioner (*see* Doc. 30).

Attorneys handling Social Security proceedings may seek fees for their work under two different statutory provisions, the EAJA and 42 U.S.C. § 406. The EAJA allows for an award of attorney fees against the government when the party seeking fees is the prevailing party in a civil action brought against the United States. 28 U.S.C. § 2412. Fees under the EAJA penalize the Commissioner for assuming an unjustified legal position and are paid out of Social Security Administration funds. McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006).

Title 42 U.S.C. § 406 allows for recovery of attorney's fees for representation of individuals claiming Social Security benefits, both at the administrative level and in court. "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." Gisbrecht v. Barnhart, 535 U.S. 789, 794, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). For representation of a benefits claimant at the administrative level, an attorney may file a fee agreement with the agency in advance of a ruling on the claim for benefits. Section 406(a). If the ruling on the benefits claim is favorable to the claimant, the agency will generally approve the fee agreement subject to a limitation that the fees may not exceed the lesser of 25% of past due benefits or $5,300.00. Gisbrecht, 535 U.S. at 795. For proceedings in court, when a judgment favorable to the benefits claimant is rendered, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past due benefits to which the claimant is entitled by reason of such judgment." Section 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past due benefits." *Id.* Finally, although fees can be awarded under both the EAJA and § 406(b), Congress has precluded receipt of attorney fees for the same services provided under the EAJA and the Social Security Act. *See* § 406(b)(1)(A).

In 2002, the Supreme Court held that the provision of § 406(b) that limits attorney fees to 25% of past due benefits was designed to control, and not to displace, contingency fee agreements that are within the statutory ceiling. Gisbrecht, 535 U.S. at 808–09. The Court concluded that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. Accordingly, within the "25 percent

boundary" permitted by § 406(b), the "attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

The Supreme Court did not specifically define the factors that lower courts should consider when determining the reasonableness of a § 406(b) fee. It did, however, note with approval the approach of courts that have reduced an attorney's recovery based on the character of the attorney's representation and the results the representation achieved. *Id.* at 808 (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989)). For example, if an attorney is responsible for delay, a reduction may be in order to prevent the attorney from profiting from the accumulation of benefits during the case's pendency. *Id.* (citing Rodriguez v. Brown, 865 F.2d 739, 746 (6th Cir. 1989)). In addition, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* (citing Rodriguez and Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)).

Cases decided since Gisbrecht have generally been deferential to the terms of contingent fee contracts, accepting de facto hourly rates that exceed those for non-contingent fee cases. *See, e.g.*, Joslyn v. Barnhart, 389 F. Supp. 2d 454 (W.D.N.Y. 2005) (awarding de facto hourly rate of $891); McPeak v. Barnhart, 388 F. Supp. 2d 742 (S.D.W. Va. 2005) (approving $681); Hearn v. Barnhart, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) (approving $450); Boyd v. Barnhart, 2002 U.S. Dist. LEXIS 26690 (E.D.N.Y. 2002) (approving $455); Dodson v. Barnhart, 2002 U.S. Dist. LEXIS 27408 (W.D. Va. 2002) (approving $694); Coppett v. Barnhart, 242 F. Supp. 2d 1380 (S.D. Ga. 2002) (approving $350). Additionally, the undersigned notes that cases in this District have resulted in similar results. *See, e.g.*, Jones v. Astrue, Case No. 3:04cv362/MCR/EMT (approving $1,027.50 on February 28, 2008 (Docs. 41, 42)); Lambert v. Barnhart, Case No. 3:03cv302/RV/MD (approving $982 on September 5, 2006 (Docs. 26, 27)); White v. Barnhart, 3:02cv78/LAC/MD (approving $741.81 on February 9, 2005 (Docs. 32, 33)). Moreover, in another case in this District, the court reduced a requested fee, but still awarded the petitioner a fee based on an effective hourly rate of $1,250.00, in a case in which plaintiff prevailed in this court, but on an issue identified by the magistrate judge, not by counsel.  Lindsey v. Barnhart, 3:99cv475/RV/MCR (N.D. Fla. 2003).

III.     CONCLUSION

The undersigned finds that the fee requested, which is the fee contemplated in the fee agreement between Plaintiff and Petitioner, while high, is in line with other reported post-Gisbrecht decisions, and is reasonable. In pertinent part, the court notes that there is no dispute as to whether the amount requested is within the statutory and contract-based maximum of 25% of past due benefits. Moreover, there is no allegation of undue delay by Petitioner, and he has represented

Plaintiff for some time on a contingency basis, all the while assuming a risk that he would recover no fee for his services.  Additionally, the court cannot fault the character of the representation provided by Petitioner in this case, as Petitioner was effective in achieving a remand in this court, which ultimately led to a favorable disability determination by the Commissioner and resulted in a sizable benefits award to Plaintiff, and Petitioner successfully prosecuted a second claim on Plaintiff's behalf.  Moreover, a less experienced attorney than Petitioner may have expended significantly more time on Plaintiff's case, and Petitioner should not be penalized for his expertise and efficiency.  In short, the court is persuaded that Petitioner has met his burden of showing that his request for $9,600.38 in attorney's fees is reasonable.

Therefore, Petitioner should refund to Plaintiff the previously awarded EAJA fees of $1,887.50 and should be awarded $9,600.38 pursuant to Section 406(b).

Accordingly, it is respectfully **RECOMMENDED**:

1.     That Petitioner's "Petition for Authorization of Attorney Fees" (Doc. 26) be **GRANTED**.  Petitioner should be awarded attorney's fees in the amount of $9,600.38, to be paid out of the sums withheld by the Commissioner from Plaintiff's past due benefits and sums withheld from auxiliary benefits awarded to Plaintiff's children.

2.     That upon receipt of attorney's fees in the amount of $9,600.38 pursuant to 42 U.S.C. § 406(b), Petitioner shall immediately refund to Plaintiff the previously awarded EAJA sum of $1,887.50.

At Pensacola, Florida, this 30th day of May 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**